PEYTONA, The (BROOKS v.). See Case No. 1,959.

## Case No. 11,060.
### In re PFAFF.
[7 Ben. 61.] [1]

District Court, S. D. New York. Nov., 1873.

MARSHAL'S COMMISSION ON MONEY COLLECTED AS MESSENGER.

The marshal, as messenger, when he collects moneys of a bankrupt's estate under a warrant, is entitled to charge a commission on the amount collected.

The marshal collected the sum of $1,615.40, belonging to the bankrupt [Frederick Pfaff] and, among his fees for services authorized under the warrant, put in "commissions on receipts, $65.40." The assignee disputed the charge, and the register allowed it, presenting his views to the court as follows:

"The statute does not expressly make provision for commissions to the messenger on moneys of the bankrupt received and paid over by him. The fourth subdivision of so much of the forty-seventh section of the statute as prescribes the fees of the messenger, relates to expenses only. It does not absolutely preclude a right to commissions on moneys collected and paid over. The custody and safe keeping of money involves a risk and liability very different from, and altogether greater than, that involved in the care and preservation of other personal prop-

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

erty; and, when an officer of the law, be he sheriff, marshal, receiver, assignee, executor, administrator, or trustee, safely keeps and honestly accounts for moneys which have come into his hands in the discharge of his official duties, the policy of the law seems to be established that he is to be compensated for the risk and for his services, by a commission on the amount of the moneys received and paid over. There is not any reason why this policy should be departed from in the case of a messenger under the bankruptcy act, who, in the execution of a warrant in bankruptcy, collects moneys belonging to the estate in bankruptcy. In the judgment of the register, the clause next following the fourth subdivision of the section above mentioned of the statute, authorizes such allowance to be made. The cause has been shown. The fact that the moneys were collected by the messenger, and the amount of the moneys, are admitted, and the assignee has been heard. The allowance to the messenger of commissions in these cases, will, it is believed, be in analogy to the allowances made to the marshal for similar services rendered by him in the district court, in cases at common law and in chancery. See Anonymous [Case No. 437]; Bump, Bankr. (6th Ed.) 644. Nor is the allowance of commissions to be determined, or their amount measured, by the trouble to which the messenger, sheriff, executor, or trustee may have been put in collecting or paying over the money. Such questions are foreign to the considerations upon which commissions are allowed. The register is of the opinion that the charge of the messenger for commissions in this case is a proper charge."

BLATCHFORD, District Judge. I concur with the register.